IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DORIS DOUGLAS, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| LIEUTENANT JOSEPH J. | : | |
| HEALY, et al. | : | NOS.  01-CV-7039 |
| | : | 02-CV-2935 |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**Baylson, J.**                                                                                                    **February 28, 2003**

In her Complaint, Doris Douglas ("Plaintiff") seeks damages arising out injuries Plaintiff allegedly sustained as a result of the deprivation of Plaintiff's property without due process of law by Lieutenant Joseph J. Healy of the Philadelphia Fire Department ("Defendant"). Plaintiff seeks recovery in Count I against Defendant Healy and in Count II against the Philadelphia Fire Department.[1]

Presently before the Court is Defendant's Motion for Summary Judgment. For the reasons set forth below, the Court will grant Defendant's Motion for Summary Judgment.

**I.      Factual and Procedural Background**

On December 28, 1999, a fire started in Plaintiff's house at 918 S. Bernard Street, Philadelphia, PA, at approximately 7 p.m. (Compl. ¶¶ 9-10.) The Philadelphia Fire Department

---

[1] Although Plaintiff purported to bring suit against the Philadelphia Fire Department, the Philadelphia Fire Department is not a separate legal entity against which suit can be maintained. 53 PA. CONS. STAT. § 16257 (2002). In addition, the Philadelphia Fire Department has never been properly served, and no appearance has been entered in its behalf.

was called and members of the Philadelphia Fire Department, including Defendant, responded within fifteen minutes to fight the fire, which had also spread to 916 S. Bernard Street, Philadelphia, PA.  Id. ¶ 11; Report of Fire Alarm by the Philadelphia Fire Department, attached as Exhibit B to Defendant's Motion for Summary Judgment; Fire Marshal's Incident Report, attached as Exhibit C to Defendant's Motion for Summary Judgment.  The Philadelphia Fire Department was on location for five hours and sixteen minutes fighting the fire.  Report of Fire Alarm.

A member of the Philadelphia Department of Licenses and Inspections (L&I) responded to the location on December 28, 1999 at approximately 11:40 p.m., and declared both properties "imminently dangerous" after inspecting both 916 and 918 S. Bernard Street, Philadelphia, PA. Emergency Duty Report by L&I, attached as Exhibit E to Defendant's Motion for Summary Judgment; Notice from L&I, attached as Exhibit F to Defendant's Motion for Summary Judgment.  According, both 916 and 918 S. Bernard Street, Philadelphia, PA were demolished.

On December 27, 2001, Plaintiff instituted Civil Action No. 01-7039 by filing a Petition to Proceed in Forma Pauperis, which was granted on January 4, 2002.  Plaintiff's Complaint was filed on January 4, 2002.  Plaintiff filed an identical complaint in the Court of Common Pleas, Philadelphia County, and Defendant removed that case to this Court on May 16, 2002 (Civil Action No. 02-2935).

On October 8, 2002, the Court held a status conference hearing, which Plaintiff did not attend.  The Court, therefore, dismissed both actions for failure to prosecute.  Plaintiff filed a Motion to Reopen and a Motion to Remand Civil Action No. 02-2935.  After a hearing held on November 15, 2002, the Court granted Plaintiff's Motion to Reopen, but denied Plaintiff's

Motion to Remand Civil Action No. 02-2935. Plaintiff has filed an appeal from this Order. On November 18, 2002, the Court consolidated both actions under Civil Action No. 01-7039.

On December 31, 2002, Defendant filed his Motion for Summary Judgment, to which Plaintiff did not immediately respond. Plaintiff did not appear for trial, which was scheduled to begin on January 27, 2003. On January 28, 2003, the Court, therefore, ordered Plaintiff, who had previously indicated an intention to retain counsel, but not had done so, to either secure the entry of an appearance of an attorney, or answer the Defendant's Motion for Summary Judgment, within fifteen (15) days. Plaintiff filed her Response on February 4, 2003.

**II.    Legal Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the

non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

### III. Discussion

In his Motion for Summary Judgment, Defendant argues that: (1) Plaintiff's due process claim fails because Defendant's conduct does not rise to the level of arbitrary, "conscious-shocking" behavior sufficient to give rise to a due process claim; and (2) Plaintiff's conspiracy claim fails because the record is devoid of evidence that would allow Plaintiff to sustain her burden of proof on a civil conspiracy claim. (Mem. Supp. Mot. Summ. J. at 6-10.)

#### A. 42 U.S.C. § 1983

Section 1983 provides a cause of action against any "person who, under color of statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizens of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . ." 42 U.S.C. § 1983 (2003).

Section 1983 does not create substantive rights but provides a remedy for the violation of rights created by federal law. Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 816, 105 S. Ct. 2427, 85 L. Ed. 2d 791

(1985)).  A prima facie case under § 1983 requires a plaintiff to demonstrate: (1) a person deprived plaintiff of a federal right; and (2) the person who deprived plaintiff of that right acted under color of state law.  Groman, 47 F.3d at 633 (citing Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980)).

Plaintiff alleges that Defendant, acting under color of state law, deprived her of property without due process of law.  (Compl. ¶ 33.)  Defendant argues that Plaintiff cannot sustain her burden to prove that he, acting under color of state law, denied Plaintiff's due rights protected under the Fourteenth Amendment.

### 1. Fourteenth Amendment

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. CONST. amend. XIV, § 1 (2003).  The Due Process Clause of the Fourteenth Amendment confers both procedural and substantive rights. Albright v. Oliver, 510 U.S. 266, 272, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994).

#### a. Procedural Due Process Claim

Procedural due process ensures "the right to advance notice of significant deprivations of liberty or property and to a meaningful opportunity to be heard." 8131 Roosevelt Blvd. Corp. v. City of Philadelphia, CIV.A.02-1392, 2003 U.S. Dist. LEXIS 144, at *19 (E.D. Pa. Jan. 6, 2003) (citing Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir. 1998), cert. denied, 527 U.S. 1035, 119 S. Ct. 2393, 144 L. Ed. 2d 794 (1999)).  Accordingly, a state complies with procedural due process requirements by affording a full judicial process in which a party may challenge the administrative decision.  Id. (citations omitted).

In order to successfully state a claim for a deprivation of procedural due process, a

plaintiff must assert that a person acting under color of state law deprived plaintiff of a protected property interest and the procedures for challenging the deprivation are inadequate. Id. at *20 (citing Midnight Sessions, Ltd. v. City of Philadelphia, 945 F.2d 667, 680 (3d Cir. 1991), cert. denied, 503 U.S. 984, 112 S. Ct. 1668, 118 L. Ed. 2d 389 (1992)).

Although Plaintiff alleges that Defendant "acting under color of state law, deprived plaintiff of property without due process of law" (Compl. ¶ 33), Plaintiff does not make any allegations that the procedures for challenging the deprivation are inadequate. Therefore, there is no genuine issue of material fact as to whether Defendant deprived Plaintiff of procedural due process. Thus, the Court finds that Plaintiff has not adequately set forth a claim for deprivation of procedural due process.

### b.    Substantive Due Process Claim

"The substantive component of the Due Process Clause limits what governments may do regardless of the fairness of procedures that it employs, and covers government conduct in both legislative and executive capacities." Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 399 (3d Cir. 2000), cert. denied, 531 U.S. 1011, 121 S. Ct. 566, 148 L. Ed. 2d 485 (2000) (citing County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)). A property interest that is protected by the Fourteenth Amendment's Due Process Clause may not be taken away by the state for reasons that are "arbitrary, irrational, or tainted by improper motive," Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 124 (3d Cir. 2000) (quotations omitted), or by means that "shock the contemporary conscience." Boyanowski, 215 F.3d at 401 (citing Lewis, 523 U.S. at 850).

To prevail on a substantive due process claim, "a plaintiff must establish as a threshold

matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies." Nicholas v. Pennsylvania State University, 227 F.3d 133, 139-40 (3d Cir. 2000) (quoting Woodwind Estates, 205 F.3d at 123). Not all property interests entitled to procedural due process protection are protected by the concept of substantive due process. Nicholas, 227 F.3d at 140 (quotation omitted). "While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution, substantive due process rights are created only by the Constitution." Regents of University of Michigan v. Ewing, 474 U.S. 214, 229, 106 S. Ct. 507, 88 L. Ed. 2d 523 (1985) (Powell, J., concurring). Thus, whether the property interest falls under the ambit of substantive due process protection "depends on whether that interest is 'fundamental' under the United States Constitution." Nicholas, 227 F.3d at 140 (citations omitted).

In Brown v. Pa. Dept. of Health Emergency Med. Servs. Training Ins., No. 01-3234, 2003 U.S. App. LEXIS 953, at *9 (3d Cir. Jan. 21, 2003), the Third Circuit held that there is no federal constitutional right to rescue services, competent or otherwise, pursuant to the Due Process Clause. One exception to this general non-liability rule is the "state-created danger" exception, under which a plaintiff may state a claim for a civil rights violation if the plaintiff shows: (1) the harm ultimately caused was foreseeable and fairly direct; (2) the conduct of a state actor who acts in haste and under pressure is "shocking to the conscience"[2]; (3) there existed some relationship

---

[2] If the state actors are not acting in haste and under pressure, the second element to the "state-created danger" exception is that the state actors acted in willful disregard for the safety of the plaintiff. Kneipp, 95 F.3d at 1208. The Third Circuit in Brown changed the standard for the second element set forth in Kneipp for state actors acting in haste and under pressure, i.e., emergency personnel, from the willful disregard standard to the "shocks the conscience" standard. Brown, 2003 U.S. App. LEXIS 953, at *16-17.

between the State and the plaintiff; and (4) the state actors used their authority to create an opportunity that otherwise would have existed for the third party to cause harm. Id. at *12 (citing Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996)).[3]

### i.    "Shocks the Conscience" Standard

In Schieber v. City of Philadelphia, No. 01-2312, 2003 U.S. App. LEXIS 3013, at *19 (3d Cir. Feb. 20, 2003), the Third Circuit held that whether action is conscience shocking and, thus, "arbitrary in the constitutional sense" depends on the context in which the action takes place, and that the degree of culpability required to meet the "shock the conscience" standard depends upon the particular circumstances that confront those acting on the state's behalf. In discussing the "shocks the conscience" standard, the Third Circuit quoted the Supreme Court's decision in County of Sacramento v. Lewis, 523 U.S. 833, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998), as follows:

> We have . . . rejected the lowest common denominator of customary tort liability as any mark of sufficiently shocking conduct, and have held that the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process . . . . It is, on the contrary, behavior at the other end of the culpability spectrum that would most probably support a substantive due process claim; conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level . . . .

---

[3] Another exception to the general non-liability rule is the "special relationship" exception, under which there is an affirmative duty to protect "when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs." Brown, 2003 U.S. App. LEXIS 953, at *10 (quoting DeShaney v. Winnebago County Dept. of Soc. Servs., 489 U.S. 189, 200, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989)). The "special relationship" exception is implicated when the state restrains an individual so as to expose the individual to harm. Id. (citing Sargi v. Kent City Bd. of Educ., 70 F.3d 907, 910-11 (6th Cir. 1995)). Because there are no allegations that Defendant restrained Plaintiff as to expose her to harm, the Court finds that the "special relationship" exception is not implicated in this case.

> Whether the point of the conscience shocking is reached when injuries are produced with culpability falling within the middle range, following from something more than negligence but less than intentional conduct, such as recklessness or gross negligence . . . is a matter for closer calls.
>
> * * *
>
> Deliberate indifference that shocks in one environment may not be so patently egregious in another, and our concern with preserving the constitutional proportions of substantive due process demands an exact analysis of circumstances before any abuse of power is condemned as conscience shocking.

Schieber, 2003 U.S. App. LEXIS 3013, at *19-20 (quoting Lewis, 523 U.S. at 848-49, 850).

In her Complaint, Plaintiff expresses her dissatisfaction with the manner in which the firefighters fought the blaze. (Compl. ¶¶ 13-15, 18.)  As stated above, however, Plaintiff has no federal constitutional right to rescue services, competent or otherwise, pursuant to the Due Process Clause, unless the Defendant's conduct was "shocking to the conscience."  See Schieber, 2003 U.S. App. LEXIS 3013, at *19.  The Court, therefore, must determine whether Defendant's conduct "shocks the conscience."

In his Motion for Summary Judgment, Defendant argues that Plaintiff's due process rights were not violated because his conduct did not rise to the level of arbitrary, "conscious-shocking" behavior sufficient to give rise to a due process claim.  (Mem. Supp. Mot. Summ. J. at 9.)

Plaintiff argues in her written opposition to Defendant's Motion that the following actions of Defendant were "most egregious" and "arbitrary": (1) Defendant denied Plaintiff access to her property; (2) Defendant would not let Plaintiff use the restroom at 5 a.m. on December 29, 1999; and (3) Defendant would not let Plaintiff get her coat at 7 a.m. on December

29, 1999. (Mem. Opp'n Mot. Summ. J. at 3, 5-6.) Plaintiff also sets forth complaints about her treatment by L&I, which is not under control of Defendant. There are no allegations that Defendant's actions were motivated by consideration of race, sex, age, or any other discriminatory reason.

In the context of a civil rights claim, Plaintiff's allegations are doubtfully "genuine" issues of fact for trial. However, even assuming they are not only "genuine", but that a jury found for Plaintiff at trial, the Court cannot say that Defendant's actions in attempting to put out the fire at Plaintiff's house shocks the conscience. Thus, Plaintiff has failed to demonstrate the second element of a viable state-created danger claim and there is no genuine issue of material fact as to whether Plaintiff has established a viable state-created danger claim.[4] Plaintiff, therefore, has failed to demonstrate a property interest protected by substantive due process rights. As a result, the Court finds that Plaintiff has not adequately set forth a claim for deprivation of substantive due process.

### C. Conspiracy Claim

The Third Circuit has recognized the rule that a civil conspiracy may not exist without an underlying tort. Boyanowski, 215 F.3d at 405 (citation omitted). "Since liability for civil conspiracy depends on performance of some underlying tortious act, the conspiracy is not independently actionable; rather, it is a means for establishing vicarious liability for the underlying tort." Id. at 407 (quoting Halberstam v. Welch, 705 F.2d 472, 479 (D.C. Cir. 1983)). Thus, because the Court has found that Plaintiff has not adequately set forth underlying claims

---

[4] Because the Court finds that the second element is not met, it is not necessary for the Court to determine whether the other elements are met in order to find that Plaintiff has not established a viable state-created danger claim

for deprivation of procedural and substantive due process, Plaintiff's claim for civil conspiracy cannot exist. The Court, therefore, will also grant Defendant's Motion for Summary Judgment as to Plaintiff's civil conspiracy claim.

### IV.     Conclusion

For the reasons set forth above, the Court will grant Defendant's Motion for Summary Judgment.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DORIS DOUGLAS, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| LIEUTENANT JOSEPH J. HEALY, et al. | : | NOS. 01-CV-7039 |
| | : | 02-CV-2935 |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 28th day of February, 2003, upon consideration of Defendant's Motion for Summary Judgment (Docket No. 22 in 01-CV-7039), and Plaintiff's Response thereto (Docket No. 31 in 02-CV-2935), it is hereby ORDERED that Defendant's Motion for Summary Judgment is GRANTED, and judgment is hereby entered in favor of Defendant and against Plaintiff.

BY THE COURT:

_____
**MICHAEL M. BAYLSON, U.S.D.J.**

O:\Orders - Civil\Douglas v. Healy, 01-7039, Order re MSJ.wpd